UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100<br><br>ORDER |

**This Document Relates to:**

| | |
|---|---|
| *Nicole Brink v. Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-10400-DRH-PMF |
| *Ashley Harvey v. McKesson Corp., et al.* | No. 3:10-cv-20438-DRH-PMF |
| *Melissa Hicks-Nieli v. McKesson Corp., et al.* | No. 3:10-cv-20385-DRH-PMF |
| *Chinella Hill v. McKesson Corp., et al.* | No. 3:10-cv-20391-DRH-PMF |
| *Karen James v. McKesson Corp., et al.* | No. 3:10-cv-20373-DRH-PMF |
| *Latonya Studdard v. McKesson Corp., et al.* | No. 3:10-cv-20448-DRH-PMF |

<u>**ORDER GRANTING**</u>
<u>**MOTION TO DISMISS WITHOUT PREJUDICE**</u>

This matter is before the Court on Defendant Bayer HealthCare Pharmaceuticals Inc. ("Bayer") motion for an Order dismissing plaintiffs' claims without prejudice for failure to file an appearance as required by Local Rule 83.1(g)(2).

On July 11, 2011, the Court granted motions to withdraw filed by plaintiffs' counsel in the *Harvey*, *Hicks-Nieli*, *Hill*, *James*, and *Studdard* matters.  (Harvey Doc. 19; Hicks-Nieli Doc. 17; Hill Doc. 18; James Doc. 19; Studdard Doc. 18.) On July 12, 2011, the Court granted a motion to withdraw filed by plaintiff's

counsel in the *Brink* matter. (Brink Doc. 13.) The Orders provided that, "[i]f plaintiff or her new counsel fails to file a supplementary entry of appearance within 21 days of the entry of this Order, plaintiff's action will be subject to dismissal without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with the orders of this Court including failure to comply with the Plaintiff Fact Sheet requirements." To date, and in violation of the Order and Local Rule 83.1(g), plaintiffs have not filed a supplementary appearance and have not served *completed* Plaintiff Fact Sheets as required by Case Management Order 12.

Plaintiffs must comply with the Local Rules and this Court's orders. Fed. R. Civ. P. 41(b). In addition, plaintiffs' failure to file an appearance has prejudiced Bayer. The Plaintiff Fact Sheets in the above captioned actions were due on or before July 8, 2011.[1] Ms. Hicks-Nieli served a substantially incomplete Plaintiff Fact Sheet and has failed to address the deficiencies identified by Bayer.[2]

---

[1] Bayer answered the *Brink* complaint on May 24, 2011. (Brink Doc. 4.) Bayer answered the *Harvey* complaint on April 6, 2011 (Harvey Doc. 17), and it sent Plaintiff's counsel a Plaintiff Fact Sheet delinquency letter on June 22, 2011. Bayer answered the *Hill* complaint on April 7, 2011 (Hill Doc. 15), and it sent Plaintiff's counsel a Plaintiff Fact Sheet delinquency letter on June 22, 2011. Bayer answered the *James* complaint on April 6, 2011 (James Doc. 17), and it sent Plaintiff's counsel a Plaintiff Fact Sheet delinquency letter on June 22, 2011. Bayer answered the *Studdard* complaint on April 7, 2011 (Studdard Doc. 16), and it sent Plaintiff's counsel a Plaintiff Fact Sheet delinquency letter on June 22, 2011.

[2] Bayer answered the *Hicks-Nieli* complaint on March 10, 2011 (Hicks-Nieli Doc. 15), and it sent Plaintiff's counsel a Plaintiff Fact Sheet delinquency letter on May 23, 2011. Bayer received a fact sheet on May 31, 2011, but it was not substantially complete. Bayer sent Plaintiff's counsel a notice of delinquencies on

None of the remaining plaintiffs has served Bayer with the required Plaintiff Fact Sheets. Plaintiffs properly completed Fact Sheets are now more than two months overdue.

Accordingly, for the reasons stated herein, plaintiffs' actions are hereby dismissed without prejudice.

**SO ORDERED.**

Digitally signed by David R. Herndon
Date: 2011.09.23 09:36:43 -05'00'

**Chief Judge**  **Date: September 23, 2011**
**United States District Court**

---

June 10, 2011. Plaintiff's counsel moved to withdraw on July 1, 2011 (Hicks-Nieli Doc. 16) and, as noted above, that motion was granted on July 11, 2011. To date, Plaintiff has not cured the delinquencies.